UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMIE CARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00805-TWP-DLP |
| | ) | |
| WALTER C PETERSON, | ) | |
| CHARLES HOUCHINS, | ) | |
| JOEL LYTTLE, | ) | |
| DAVID E COREY, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Directing Entry of Final Judgment**

Plaintiff Jamie Carson is currently incarcerated at the Indiana State Prison. In his complaint, he sues four defendants: Walter C. Peterson, Charles Houchins, Joel Lyttle, and David E. Corey. Dkt. 1. He seeks relief under 42 U.S.C. § 1983 related to events that occurred while he was incarcerated at Pendleton Correctional Facility. As set forth in the complaint, Mr. Carson was found guilty of an A-100 code violation and received disciplinary sanctions after another inmate was murdered in July 2018. Dkt. 1. He then filed a petition for habeas corpus under 28 U.S.C. § 2254 in the U.S. District Court for the Northern District of Indiana. *Id.* He alleges that, after he filed that petition, the defendants improperly vacated his disciplinary sanctions, designated his case for rehearing, created a new and untimely report of conduct, and moved to dismiss the pending federal court habeas petition as moot. *Id.* Although Mr. Carson did not explicitly so allege in the complaint, his submissions made clear that, after the rehearing, he was again found guilty of the charged conduct. *See* dkt. 14 (Screening Order). He was also sanctioned with a loss of earned-credit time and a demotion in credit class. *Id.* He alleges that, as a result of the defendants' "trickery," he has been subjected to inhumane living conditions at ISP. Dkt. 1. He seeks $1 million

in damages and an order requiring the defendants to expunge the A-100 code violation (and the resulting sanctions) he received after the rehearing of his disciplinary case. *Id.*

The Court's Screening Order of October 12, 2021, explained that Mr. Carson could not prevail on his claims. First, under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), he could not overturn his disciplinary conviction in this case; instead, because he was sanctioned with a loss of good-credit time and a demotion in credit class, his sole avenue of relief was a habeas corpus petition. Dkt. 14. Second, his claim for money damages was barred because the claim necessarily implied the invalidity of his second disciplinary conviction and, thus, under *Heck*, he could not pursue a claim for money damages unless and until that disciplinary action was expunged. *Id.* Finally, to the extent Mr. Carson was attempting to bring Eighth Amendment conditions-of-confinement claims in this suit, he failed to state a claim as to the named defendants because he did not allege that the defendants had any responsibility for the conditions about which he was complaining. *Id.* Accordingly, in the Screening Order, Mr. Carson was given an opportunity to show cause why Judgment should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013).

In response to the Court's order, Mr. Carson takes no issue with the Court's decision as to his conditions-of-confinement claim. Dkt. 15. Neither does he dispute the Court's conclusion that his second disciplinary conviction cannot be overturned in this action. *Id.* Instead, Mr. Carson explains that his complaint is focused on the actions the defendants took between the filing of his first habeas petition and the dismissal of that petition. *Id.* He complains that the defendants failed to explain why they vacated his previous sanctions and charged him again. *Id.* He believes that this failure is circumstantial evidence that the defendants were retaliating against him for filing a habeas petition, trying to obstruct justice by preventing him from discovering exculpatory evidence

and seeking redress in court based on the first conduct report, and depriving him of due process. *Id.* Accordingly, he asks the Court to allow him to proceed with his case and to amend his complaint to add his claim that the defendants violated his due process rights. *Id.*

This response reflects that this Court's original Screening Order was correct. Mr. Carson tries to shift the focus from his second disciplinary conviction to the events leading up to it—specifically, the vacating of his previous conviction and the preparation of the new report of conduct. But those actions did not cause him any harm standing on their own. The defendants' actions only caused Mr. Carson harm—if at all—when he was convicted of an A-100 violation after the rehearing. Thus, his claims in this case can succeed only if that second conviction was invalid. Because Mr. Carson cannot show that the second conviction has been overturned, his complaint is *Heck* barred, as discussed in the Screening Order. Accordingly, this action is now **dismissed without prejudice**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  1/18/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMIE CARSON
988752
Indiana State Prison
One Park Row
Electronic Service Participant – Court Only